IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

PHILLIP GENTRY,

        Plaintiff,

v.                                    CIV 01-149 MCA/KBM

RICHARD STEELE, et al.

        Defendants.

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION AND VARIOUS ORDERS

This matter is before the Court on sixteen motions, including the Board of County Commissioners' (hereinafter "Board") first motion to dismiss the entire Complaint either as untimely or for failure to exhaust administrative remedies under 42 U.S.C. § 1997e *(Doc. 20)* and second motion to dismiss the 42 U.S.C. § 1982 and Eighth Amendment claims *(Doc. 54).*

I find Plaintiff's complaint is timely and that Plaintiff appears to have sufficiently met the exhaustion requirement. However, Plaintiff fails to state a claim under § 1982 and does not raise a separate dismissible "claim" under the Eighth Amendment. Therefore, I will recommend that the first motion be denied and the second granted in part.

These recommendations moot certain other motions. To expedite resolution of this matter I also rule on the remaining discovery and other ministerial motions and order Defendants to file a *Martinez* Report.

# I. Background

Plaintiff, an African American federal pretrial detainee, was housed in the Doña Ana

County Detention Center ("DACDC"). Gentry alleges that on February 5, 1998, correctional

officer Greg McClure became irritated after Plaintiff questioned why he turned off the television.

Later that same day, Officer McClure allegedly returned to Plaintiff's cell, "verbally abused" him,

punched him in the face, and invited five other correctional officers to "join in . . . punching and

kicking [Plaintiff] into submission." *Doc. 1.*

Plaintiff alleges that he suffered multiple injuries and continues to have nightmares for

which he seeks compensatory and punitive damages under 42 U.S.C. §§ 1981, 1982, and 1983.

The caption of the Complaint names five categories of defendants: (1) the Board; (2) Officer

McClure; (3) five unnamed "John Doe" officers; (4) Richard Steele, who is described as the

"Head Administrator in charge of" DACDC; and (5) the unnamed "warden or chief administrator"

of DACDC. *Id.*

In his first and fourth claims, Plaintiff seeks to recover against McClure and the five

unnamed "John Doe" correctional officers for the assault allegedly motivated by Plaintiff's race,

for their failure to intervene and protect, and for conspiracy. In his second and third claims, he

seeks to recover against administrator Steele and the "County" for a county policy or custom of

failing to properly train and supervise the correctional officers. His fifth and sixth claims set forth

his basis for recovery of damages and attorney fees. *Id.* Although neither the caption nor the

body of the Complaint specify whether defendants are sued in their official or individual

capacities, Plaintiff suggests that Defendants McClure and Steele are sued in their individual

capacities in another pleading filed in this case. *See Doc. 15 at 3.*[1]

On April 26, 2001, this Court ordered that summons issue to Officer McClure and the Board, and also granted Plaintiff "a reasonable time to provide an address for Defendant Steele and to identify the Doe Defendants." *Doc. 8.* Only the Board and Steele have been served and answered. *See Docs. 10-12, 26-27, 31.* Officer McClure has not been served, and the unnamed defendants have not been identified. Only the Board is a party to the motion to dismiss.

## II. Defendant's First Motion To Dismiss

### *A. Statute of Limitations*

Defendant contends that the complaint was not filed within the applicable three-year statute of limitations. Plaintiff's response to the motion is late under D.N.M.LR-CIV. 7.6, but I will nonetheless consider his arguments. Defense counsel did not object to the timeliness of the response, and has not objected to the court's consideration of a similarly late surreply filed by Plaintiff. *See Docs. 43, 44.*

Regardless of whether the cause of action is based on § 1981, § 1982 or § 1983, the applicable statute of limitations is three years and not the four-year period as Plaintiff suggests. *See Wilson v. Garcia,* 471 U.S. 261, 280 (1985); *Scheerer v. Rose State College,* 950 F.2d 661, 664 (10th Cir. 1991), *cert. denied,* 505 U.S. 1205 (1992). Because Plaintiff's claims accrued on February 5, 1998, the relevant date for filing is the last day before the "anniversary date" or, in other words, February 4, 2001. *See Perez v. County of Otero,* CIV 00-175 JP/KBM (same

---

[1] I note that the Complaint and Plaintiff's other pleadings appear to have been written someone having a significant legal education - possibly an attorney. Defendant, however, has not raised any issue in this regard. *See Duran v. Carris,* 238 F. 3d 1268 (10th Cir. 2001).

applied to calculating state claim under New Mexico law); *see also Haney v. Addison,* 175 F.3d 1217, 1220 (10th Cir. 1999) (same applied to calculating timeliness of habeas petition); *Hamner v. BMY Combat Systems, a Div. of Harsco Corp.,* 79 F.3d 1156 (10th Cir. 1996) (unpublished) (same applied to calculating timeliness of calculation under Kansas law and other federal authority); *Doc. 21* at 8-11 (and authorities cited therein).

Because the instant complaint was not filed until February 5th, the Board contends the action is time-barred and must be dismissed. The Court takes judicial notice that February 4, 2001 fell on a Sunday, however. Therefore, pursuant to Rule 6(a) of the Federal Rules of Civil Procedure, Plaintiff had until Monday the 5th to file.[2] Defendant concedes that the Tenth Circuit has held Rule 6 to apply to statutes of limitations timeliness issues. I am unpersuaded that "considerations of liberality and leniency"underpinning such decisions are not equally applicable simply because a three year limitations period is implicated. Finally, since the Complaint was in fact timely filed, I need not address whether the complaint should be considered filed even earlier pursuant to the "mailbox rule" of *Houston v. Lack*, 487 U.S. 266 (1988).

---

[2]     In computing any period of time prescribed or allowed by these rules, by the local rules of any district court, by order of court, or by any applicable statute, the day of the act, event, or default from which the designated period of time begins to run shall not be included. ***The last day of the period so computed shall be included, unless it is a Saturday, a Sunday, or a legal holiday,*** or, when the act to be done is the filing of a paper in court, a day on which weather or other conditions have made the office of the clerk of the district court inaccessible, ***in which event the period runs until the end of the next day which is not one of the aforementioned days.***

FED. R. CIV. P. 6(a) (emphasis added).

### B. Exhaustion of Administrative Remedies

Plaintiff incorrectly asserts that his "excessive use of force" type of claim is exempted from the exhaustion requirement. The Second Circuit decision on which he relies was reversed on appeal by the Supreme Court in *Porter v. Nussle,* ___ S. Ct. ___, 2000 WL 261683 (February 26, 2002). *Porter* holds that the "exhaustion requirement of § 1997e applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether the allege excessive force or some other wrong." 2000 WL at *8.

In reaching this conclusion, the Supreme Court observed that Congress "invigorated" the exhaustion requirement, "eliminat[ed] judicial discretion to dispense with exhaustion," and determined that "resort to a prison grievance process **_must_** precede resort to a court." *Id.* (emphasis added). The *Porter* opinion further indicates that the administrative remedies provided by the prison need not "meet federal standards" nor must the administrative scheme provide speedy or effective remedies such as the relief a prisoner seeks. *Id.* Rather, the *Porter* court examined other goals of the exhaustion requirement.

> Congress enacted § 1997e(a) to reduce the quantity and improve the qualify of prisoner suits; to this purpose, Congress afforded corrections officials time and opportunity to address complaints internally before allowing the initiation of a federal case. In some instances, corrective action taken in response to an inmate's grievance might improve prison administration and satisfy the inmate, thereby obviating the need for litigation. *Booth*, 532 U.S. at 737. In other instances, the internal review might 'filter out some frivolous claims.' *Ibid*. And for cases ultimately brought to court, adjudication could be facilitated by an administrative record that clarifies the contours of the controversy.

*Id.* (citing *Booth v. Churner,* 532 U.S. 731, 737 (2001) and the pre-1997e amendment case of *McCarthy v. Madigan,* 503 U.S. 140, 146 (1992)).

5

Defendant first argues for dismissal because Plaintiff's Complaint does not expressly allege

that he exhausted available administrative remedies as required by 42 U.S.C. § 1997e.[3]  The

Board contends that the exhaustion requirement imposed by § 1997e is "a jurisdictional

prerequisite [that] must be alleged in the Complaint before a federal court is authorized to

entertain a prison litigation suit." *Doc. 21* at 13; *see also Doc. 32* at 10.

Plaintiff responds that he is not required to plead exhaustion - rather it is Defendant's

burden to demonstrate a failure to exhaust.[4]  Because Plaintiff submitted an affidavit with his

surreply which makes clear Plaintiff did not pursue any administrative remedies, I need not reach

---

[3]  Section § 1997e(a), provides:  "No action shall be brought with respect to prison
conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any
jail, prison, or other correctional facility until such administrative remedies as are available are
exhausted."

[4]  The pre-*Porter* decisions cited by Defendant do not support the proposition that
§ 1997e exhaustion is a jurisdictional prerequisite. *See Hall v. Bellmon,* 935 F.2d 1106, 1110
(10th Cir. 1991).  Before *Porter,* most other circuits hold that the exhaustion requirement is not
jurisdictional and/or is an affirmative defense that Defendant must plead and prove.  *See e.g.,*
*Foulk v. Charrier,* 262 F.3d 687 (8th Cir. 2001) ("the assertion that a plaintiff prisoner failed to
exhaust all available administrative remedies as required under the PLRA is an affirmative defense
under Fed.R.Civ.P. 8(c).  It is the burden of the defendant asserting this affirmative defense to
plead and prove it."); *Curry v. Scott,* 249 F.3d 493, 501 (6th Cir .2001) (Sixth Circuit held in 1999
that "PLRA is not jurisdictional "and indicating that Second, Seventh and D.C. circuits hold
PLRA's exhaustion requirement is an affirmative defense)); *Underwood v. Wilson,* 151 F.3d 292,
295 (5th Cir. 1998) ("We therefore conclude that § 1997e does not impose exhaustion of
administrative remedies as a prerequisite to jurisdiction."), *cert. denied,* 526 U.S. 1133 (1999);
*Freeman v. Snyder,* 2001 WL 515258 (D. Del. 2001) ("an affirmative defense under Rule 8(c) of
the Federal Rules of Civil Procedure, rather than a precondition to suit.").  An unreported Tenth
Circuit decision is in accord that the exhaustion requirement is not a jurisdictional prerequisite
and, like a statute of limitations, is subject to equitable considerations. *Basham v. Uphoff,* 1998
WL 847689 (10th Cir. 1998). *Basham* cites with approval the *Underwood* decision from the Fifth
Circuit.

that "burden" issue.[5]

Plaintiff raises equitable arguments for excusing exhaustion: (1) he was not advised of the available grievance procedures during what appears to have been a relatively short stay in DACDC; (2) immediately following the alleged beating he was relying on an attorney to pursue his claims who then abandoned him without notice;[6] and (3) via the alternative means of a disciplinary proceeding, officials learned of his grievance concerning the assault and they in fact investigated and resolved the issue in Plaintiff's favor, ordering McClure to stay away from him.[7]

---

[5] My recommendation is the same whether I consider the affidavit as an amendment to the Complaint for motion to dismiss purposes, or whether my consideration of the affidavit converts the matter to a summary judgment posture.

[6] This is not the same attorney who represented him in the underlying criminal matter. *See Doc. 29* at 13; *United States v. Gentry,* CIV 00-118 JC/KBM (Gentry's § 2255 petition rasing claims of ineffective assistance of trial counsel dismissed as untimely).

[7] The affidavit attached to Plaintiff's surreply asserts that:

> 9. . . . a few days after my beating, I was called to a disciplinary hearing attended by myself and five officers including a female Lt. and another male supervisor which I understand was an administrator for Dona Ana County.
> 10. I was interviewed by all five officers and told my side of the story, when the hearing was finished I was advised by both Lt.s that they had told McClure to stay away from me as long as I remained in Dona Ana.
> 11. This is the only administrative process I am aware of and as I was never told that I had done anything wrong, only that McClure was told to stay away from me, I do not know what else I should have done. I was never given any written reports from the hearing and I assumed I had been cleared. Having told my version of the story and advising the officers that McClure had violated my rights, I do not see what other notice I had to give to Dona Ana as they were well represented at the hearing.

*Doc. 40,* Exh.

7

The Court's decisions in *Porter* and *Booth* do not address whether alternative means will satisfy the exhaustion requirement. At least one court has held that where a prisoner is not adequately notified of the procedures he must follow and the prison officials otherwise have notice of his contentions, the exhaustion requirement is satisfied:

> In the case at bar, plaintiff pursued his administrative remedies by filing a grievance form. Although plaintiff allegedly failed to appeal the rejection of his grievance form, the court finds that defendants have presented insufficient evidence to suggest that plaintiff was adequately notified of the rejection and his obligation to appeal it so as to preserve his right to sue. Thus, the court determines that plaintiff has exhausted his administrative remedies.

*Santiago v. Fields,* 170 F. Supp.2d 453, 458 (D. Del. 2001).

I need not resolve whether Plaintiff was in fact notified, however, because I find Plaintiff's third argument dispositive in the unique circumstances of this case. In light of Plaintiff's uncontradicted allegation that prison officials investigated the alleged assault in a disciplinary proceeding, I find that the notification, investigation, and record-creating purposes of the exhaustion requirement have been satisfied.[8]

Moreover, it appears from the DACDC grievance procedures that Plaintiff was barred from pursuing a grievance because the matter had been addressed by the prison in the disciplinary context. *See Doc. 66* ("The following matters are not grievable [sic]: . . . C. Any matter involving disciplinary procedure and findings. A separate appeal process is provided by the Detention Center policy"). True, *Porter* requires that an inmate pursue administrative remedies

---

[8] The Tenth Circuit's decision in *Yousef v. Reno,* 254 F.3d 1214 (10th Cir. 2001) does not compel a contrary result. In *Yousef*, the prisoner made informal complaints but the officials did not address the merits of his grievance. Thus, the Tenth Circuit affirmed the action's dismissal without prejudice.

even if they could be characterized as "futile" in that they cannot provide the relief that is sought.

Yet surely those futile administrative remedies must be ***available*** to the inmate. Indeed, *Booth* as

well as the language of § 1997e and other opinions, emphasize that the administrative procedure

has to be "available." *E.g., Booth,* 531 U.S. ___, 121 S. Ct. at 1822 n. 2; id. at 1823; *Byrd v.

Sitri,* 14 Fed.Appx. 701, 702-03 (7th Cir. 2001) ("Our focus is on the availability, not the

effectiveness, of administrative remedies, . . . and because an administrative review process is

available to Byrd, he must exhaust that process even if he believes it to be deficient and regardless

of what relief he seeks.").

Again, the case at bar presents unique facts cautioning against dismissal at this time for

failure to exhaust. When the exhaustion requirement is not satisfied, the remedy is for the courts

to dismiss the action ***without*** prejudice to allow the prisoner to complete exhaustion and then

refile the action. Here, Plaintiff is no longer incarcerated in the county facility and probably has

not been for several years. According to the docket, Phillip Gentry was represented by Las

Cruces attorney, pleaded guilty on March, 4 1998, was sentenced on September 15, 1998, and

judgment entered on October 7, 1998. (*See Docs. 143, 242, 262* in CR 97-638 JC). By virtue of

his transfer to a federal facility, he may no longer be in a position to pursue any administrative

remedies even if they were available to him. In addition, Plaintiff has, at most, a few days

remaining before the statute of limitations would run. Thus, even if he had an avenue to pursue

administrative relief, it appears he could not exhaust and return to federal court within the

statutory period.[9] For all of these reasons, I recommend denial of the first motion to dismiss.

---

[9] A Seventh Circuit case mentions the possibility of a limitations issue barring the refiled
complaint. *Larkin v. Galloway,* 266 F.3d at 718, 721 (7th Cir. 2001).

## II. Defendant's Second Motion To Dismiss

While styled as a qualified immunity motion, the Board contends that Plaintiff fails to state a claim under 42 U.S.C. § 1982 or under the Eighth Amendment. Section 1982 provides that all United States citizens "shall have the same right . . . as is enjoyed by white citizens thereof to inherit, purchase, lease, sell, hold, and convey real an personal property." It prohibits private and public discrimination on the basis of race in selling or renting property. *Jones v. Alfred Mayer Co.,* 393 US. 409 (1968). By its terms, the statute does not apply to prisoner civil rights claims of the sort alleged here. Accordingly, the § 1982 claim should be dismissed.

Gentry's first claim for relief under § 1983 references both the Fourteenth and Eighth amendments. Defendant is correct that the rights of incarcerated pretrial detainees are protected by the Due Process Clause of Fourteenth Amendment rather than the Eighth Amendment. Nevertheless the inquiry is the same.[10] Liberally construing the Complaint, it can be read as indicating that the Eighth Amendment informs the Due Process analysis. Thus, the reference to the Eighth Amendment does not convert those allegations into a separate "claim" that can be dismissed.

## III. Order On Remaining Pending Motions

As mentioned above, Defendant has no objection to Plaintiff's motion to consider his

---

[10] *Graham v. Connor,* 490 U.S. 386, 395 n.10 (1989) ("Any protection that 'substantive due process' affords convicted prisoners against excessive force is, we have held, at best redundant of that provided by the Eighth Amendment"); *City of Canton v. Harris,* 489 U.S. 378, 388 nn. 7 & 8 (1989) (pretrial detainee, failure to train claim); *Lopez v. LeMaster,* 172 F.3d 756, 759 n.2 (10th Cir. 1999) ("Pretrial detainees are protected under the Due Process Clause rather than the Eighth Amendment. . . . In determining whether appellant's rights were violated, however, we apply an analysis identical to that applied in Eighth Amendment cases brought pursuant to § 1983.") (citations omitted).

surreply timely filed. *Doc. 43.* Having learned that he provided the incorrect first names for Defendants McClure and Steele, Plaintiff moved to correct those names and this motion is also unopposed. *Docs. 19 &. 16,* fn. 1& 2. In light of my findings and recommendation above concerning Defendant's motions to dismiss, Plaintiff's motions to strike Defendant's pleadings and to stay ruling are moot and will be denied. *Docs. 24, 48, 64.*

The majority of Plaintiff's other pending motions are devoted to acquiring permission to engage in discovery. The discovery Plaintiff seeks falls into two categories. The first concerns Plaintiff's ability to respond to Defendant's motion to dismiss and to support the merits of his suit. In those motions, Plaintiff seeks all information and documents about the administrative remedies that were available to him, the investigation of the alleged beating, his limitations defense and legal citations. *Docs. 25 (not designated as a motion), 35, 41, 46, 56, 58, 67.* In addition to responding to these motions, Defendant also filed a motion for a protective order. *Doc. 22.* Again, in light of the recommendation on the motion to dismiss above, as well as the order to file a *Martinez* report below, these motions become moot and will be denied as such.

The second category of discovery motions requests the current addresses of Defendant Steele and Defendant McClure so that they can be served. *Doc. 14.* Defendant has agreed to provide that information to the U.S. Marshal to effectuate service if that information is not disclosed to Plaintiff. *See Doc. 16* at 4. Plaintiff does not object to that procedure. *See Doc. 18* at 3. Because Defendant Steele has already answered, only Defendant McClure need be served.

## V.  Defendant Shall File A *Martinez* Report

Under *Martinez v. Aaron,* 570 F.2d 317, 320 (10th Cir. 1978), this court may order defendants to investigate the incident or incidents underlying plaintiff's lawsuit and submit a

report of their investigation in order to develop a factual or a legal basis for determining whether a prisoner plaintiff has a meritorious claim. *See, e.g., Gee v. Estes,* 829 F.2d 1005, 1007 (10th Cir. 1987). A *Martinez* Report may be used in a variety of contexts, including motion for summary judgment or *sua sponte* entry of summary judgment. When a *Martinez* Report is used for summary judgment purposes, the *pro se* plaintiff must be afforded an opportunity to present conflicting evidence to controvert the facts set forth in the report. *Hall,* 935 F.2d at 1109.

Defendant McClure has not yet been served and Plaintiff has not identified or asked for information concerning the identity of the John Doe defendants. Given Plaintiff's uncontroverted assertion that a hearing was held concerning the alleged beating, I believe that a *Martinez* Report is warranted to expedite disposition of this matter. I request that Defendant file any documentation connected with or resulting from that investigation and hearing. I also request that Defendant also independently investigate Plaintiff's allegations and supply those results with the *Martinez* Report. I am hopeful that information will inform the Court of any findings concerning the actions of the individual officers. In addition, the Board can address the legal issues concerning liability for the individuals in their official capacities and the Board in a separate motion for summary judgment filed with the *Martinez* Report, if it so wishes.

Wherefore,

**IT IS HEREBY RECOMMENDED** that Defendant's First Motion To Dismiss (*Doc. 20*) be **DENIED**, Defendant's Second Motion To Dismiss *(Doc. 54)* be **GRANTED IN PART AND DENIED IN PART,** and Plaintiff's § 1982 claim dismissed.

**THE PARTIES ARE NOTIFIED THAT WITHIN 10 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636 (b)(1). **A party must file any**

**objections with the Clerk of the District Court within the ten day period if that party wants to have appellate review of the proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed.**

**ADDITIONALLY, IT IS ORDERED THAT:**

1.  Plaintiff's motion to strike Defendant's pleadings (*Doc. 48*) regarding the motion to dismiss is DENIED;

2.  Plaintiff's unopposed motion to consider his surreply and motion to supplement timely filed (*Doc. 43*) is GRANTED;

3.  Plaintiff's unopposed motion to correct names (*Doc. 19*) is GRANTED. The Clerk shall correct the docket to reflect that Defendant' McClure's first name is "Gilbert" and that Defendant Steele's first name is "Frank;"

4.  Plaintiff's motions regarding discovery (*Docs. 24, 25, 35, 41, 46, 56, 58, 64, 67)* and Defendant's motion for a protective order (*Doc. 22)* are DENIED AS MOOT; and

5.  Plaintiff's motion seeking information in order to serve Defendants (*Doc. 14*) is denied as moot in light of Defendant's agreement to provide that information to the U.S. Marshal only to accomplish service. Defendant forthwith shall provide the information to the U.S. Marshal together with any necessary forms and documents to effect service. To safeguard that Defendant McClure's address is not revealed, any document associated with this service and return shall be sealed by the Clerk.

**FINALLY, IT IS ORDERED** that to facilitate resolution of this matter:

1.  Defendant prepare a *Martinez* Report addressing the matters raised in Plaintiff's pleadings by:

    (a)  setting forth the facts needed to resolve the claims, e. g, names of corrections officials and other inmates who directly dealt with Plaintiff during the alleged incidents or witnessed the alleged incidents; whether records exist pertaining to the events; whether prison policies or regulations address the situation;

    (b)  providing copies of those records and documents

that do exist, including but not limited to: incident reports; inmate misconduct reports; grievances kited by Plaintiff and decisions made by corrections officials in response; and copies of any prison policies or regulations that address the situation; and

(c)     providing affidavits in support of the report, if necessary;

2.     The documents submitted with the report may be submitted simultaneously with the report, but the submission of documents alone, or documents submitted with an index but without an accompanying report, shall not be considered in compliance with this order.  However, the Court is aware of the potential sensitivity of the materials contained in corrections files and that there may be valid reasons for keeping secret much of the content of a corrections file.  As such, Defendant may redact confidential portions of documents submitted with the report and also submit a memorandum setting forth any objections they may have to Plaintiff being permitted to review any portion of the report and its attachments.  If Defendant does not submit such materials with the report, Plaintiff shall be permitted to review the contents of the entire report as submitted;

3.     Defendant submit their report by July 1, 2002; and

4.     Defendant serve a copy of the report on Plaintiff, who shall file his response by July 31, 2002.

**THE PARTIES ARE HEREBY GIVEN NOTICE** that the *Martinez* Report may be used in deciding whether to grant summary judgment on Plaintiff's claims, whether by motion or *sua sponte;* as such, the parties should submit whatever materials they consider relevant to Plaintiff's claims. *See Hall,* 935 F.2d 1106.

_____
UNITED STATES MAGISTRATE JUDGE

14